UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHAMROEUN MEAS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE BOEING COMPANY, )<br>)<br>    Defendant. )<br>) | CIVIL ACTION NO. 05-11726-RCL |

## ANSWER

Defendant The Boeing Company ("Boeing") hereby answers plaintiff Chamroeun Meas's Complaint in paragraphs numbered to correspond to the paragraph numbers in the Complaint.

### Parties

1. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2. Admitted.

### Count I

3. Answering the allegations of Paragraph 3 of the Complaint, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's employment, job duties, and activities on or about August 5, 2002, and therefore denies them. The remaining allegations of Paragraph 3 assert legal conclusions to which no response is necessary. To the extent that a response is necessary, Boeing denies said allegations, and specifically denies that the airplane door was negligently designed.

4.	The allegations of Paragraph 4 assert legal conclusions to which no response is necessary. To the extent a response is necessary, Boeing denies each and every allegation of Paragraph 4.

5.	The allegations of Paragraph 5 assert legal conclusions to which no response is necessary. To the extent a response is necessary, Boeing denies each and every allegation of Paragraph 5.

6.	The allegations of Paragraph 6 assert legal conclusions to which no response is necessary. To the extent a response is necessary, Boeing denies each and every allegation of Paragraph 6.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### First Defense

The Plaintiff's Complaint fails to state any claims upon which relief can be granted.

### Second Defense

Plaintiff's alleged injuries and damages, if any, may have been directly and proximately caused, in whole or in part, by the intentional, negligent, preceding, intervening or superseding acts of others, over whom Boeing had no control or for whom Boeing is not legally responsible. As a result, Boeing has no liability to plaintiff, or its liability to plaintiff should be reduced by an amount to be shown at trial.

### Third Defense

Plaintiff's damages, if any, may have been caused or contributed to by plaintiff's own negligence or fault. Plaintiff's recovery, if any, must therefore be barred or diminished in accordance with applicable law.

### Fourth Defense

The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fifth Defense

The Plaintiff's claim is barred because the Plaintiff failed to give due notice of the claim and Boeing was prejudiced thereby.

### Sixth Defense

The Plaintiff's claims have been waived by the Plaintiff's acts and conduct.

### Seventh Defense

No act or omission of Boeing was the proximate cause of the harm of which plaintiff complains.

### Eighth Defense

Any injuries or expenses sustained or incurred by plaintiff may have been proximately caused in whole or in part by the misuse, abuse, or alteration of a product by one or more persons or entities other than Boeing, for whose conduct Boeing is not responsible. As a result, Boeing has no liability to plaintiff, or its liability to plaintiff should be reduced by an amount to be shown at trial.

### Ninth Defense

Plaintiff's claims may be barred because the methods, standards, and techniques utilized in formulating and manufacturing the product in question and in issuing warnings and instructions with respect to its use were in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product was manufactured or supplied.

### Tenth Defense

Plaintiff's claims may be preempted by State or Federal law.

### Eleventh Defense

If plaintiff sustained injuries or incurred expenses as alleged, such injuries and expenses may have resulted from pre-existing, subsequent or unrelated medical or environmental conditions, diseases, or illnesses of the plaintiff. As a result, Boeing has no liability to plaintiff, or its liability to plaintiff should be reduced by an amount to be shown at trial.

### Twelfth Defense

Plaintiff may have failed to mitigate his damages, if any, and failed to protect himself from avoidable consequences. If so, plaintiff's recovery, if any, must therefore be barred or diminished in accordance with applicable law.

### Thirteenth Defense

Plaintiff's claims may be barred in whole or in part by waiver, latches, estoppel, election of remedies, and/or accord and satisfaction.

### Fourteenth Defense

Plaintiff's claims against Boeing may be barred in whole or in part by plaintiff's failure to join and serve indispensable parties.

- 5 -

### Fifteenth Defense

An award or judgment rendered in favor of plaintiff should be reduced by the amount of benefits plaintiff has received, or is entitled to receive, from any source.

### Sixteenth Defense

Boeing reserves the right to add those affirmative defenses that it deems necessary to its defense upon or before the conclusion of discovery.

WHEREFORE, Boeing prays that the Court enter judgment dismissing the Complaint, with prejudice, and allow Boeing its costs, including reasonable attorneys' fees.

THE BOEING COMPANY

By its Attorneys,

/s/ Robert J. Muldoon, Jr.
Robert J. Muldoon, Jr. (BBO #359480)
Katy E. Koski (BBO #650613)
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

Of Counsel:
Scott F. Seablom
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
(206) 359-8636

Dated: August 30, 2005