UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHAMROEUN MEAS,

    Plaintiff,

v.

THE BOEING COMPANY,

    Defendant.

CIVIL ACTION NO. 05-11726-RCL

## JOINT STATEMENT AND PROPOSED SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16 and 26(f) and Local Rule 16.1 (B) and (D) and in accordance with the Notice of Scheduling Conference and Additional Matters issued by this Court on September 8, 2005, Plaintiff Chamroeun Meas ("Meas") and Defendant The Boeing Company ("Boeing") submit this Joint Statement and Proposed Scheduling Order:

I.    **Summary of the Positions of Each Party**

**Plaintiff**

Mr. Chamroeun Meas suffered a complete amputation of one third of the distal phalanx of his right fourth finger. This amputation was caused by the negligent design of the rear door of a Boeing 757. The door was designed in such a way that when shutting the door from the outside, it is necessary to have one hand inside the aircraft. After loading meals into the aircraft (during the course of his employment) Mr. Chamroeun Meas was shutting the rear door of the aircraft. The edge of the door cut Mr. Meas finger tip off.

**Defendant**

The Complaint does not identify the model of aircraft, the operator of the aircraft or the registration number of the aircraft allegedly involved in the incident. Boeing did not receive a

report from any operator of an incident occurring at Logan Airport on or about August 5, 2002 similar to the one alleged by plaintiff.

Cabin doors on transport category aircraft must comply with detailed airworthiness requirements established by the Federal Aviation Administration ("FAA") under 14 C.F.R. Part 25. To the extent that the alleged incident occurred on an aircraft supplied by Boeing, and to the extent that the aircraft was in the same condition as delivered by Boeing, neither of which Boeing concedes, then the design of the door is certified by the FAA as airworthy. Boeing denies that it was negligent in designing the cabin door of any aircraft supplied by Boeing. Boeing denies that it is liable to plaintiff for any damages arising out of the incident alleged in the Complaint. Boeing places at issue the negligence, fault and responsibility of each person or entity that caused or contributed to plaintiff's injury, if any, including plaintiff himself.

Boeing has no knowledge of any counterclaims against the Plaintiff presently. Boeing does not have sufficient knowledge to determine whether there are other necessary parties, such as the operator of the aircraft, an aircraft maintenance and repair facility or Sky Chef.

## II.   Proposed Pretrial Schedule

After consideration of the topics contemplated by Fed. R. Civ. P. 16(b), (c) and 26(f), the parties propose the following schedule:

| EVENT | DATE |
|---|---|
| Fed. R. Civ. P. 26(a) disclosures | October 10, 2005 |
| Fact discovery completed | February 10, 2006 |
| Plaintiff's disclosure of expert witnesses and reports | March 10, 2006 |
| Defendant's disclosure of expert witnesses and reports | April 10, 2006 |
| Expert discovery completed | June 9, 2006 |
| Fed. R. Civ. P. 56 motions filed | July 10, 2006 |
| Final pre-trial conference | August 2006 |
| Trial | November 2006 |

The parties reserve the right to modify these dates with the Court's approval as needed based on issues that may arise during discovery.

### III.  Settlement

The parties have conferred regarding the issue of settlement. Boeing believes it needs information regarding the identity of the aircraft and operator involved in the incident, the condition of the aircraft door at the time of the incident, the manner in which the aircraft door was closed and plaintiff's alleged damages before evaluating a settlement demand.

### IV.  Consent to Trial by Magistrate Judge

The parties do not consent to trial by Magistrate Judge at this time.

Respectfully submitted,

| **CHAMROEUN MEAS** | **THE BOEING COMPANY** |
|---|---|
| By his attorney, | By its attorneys, |
| /s/ Larry Colby<br>Thomas Stylianos, Jr. (BBO# 565941)<br>Larry Colby<br>287 Appleton Street<br>Lowell, Massachusetts 01852<br>978.459.5000 | /s/ Katy E. Koski<br>Robert J. Muldoon, Jr.,(BBO# 359480)<br>Katy E. Koski, (BBO# 650613)<br>Sherin and Lodgen LLP<br>101 Federal Street<br>Boston, Massachusetts 02110<br>617.646.2000 |

Dated: September 28, 2005

00082202.DOC / 2